# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0291V
Filed: November 9, 2018
UNPUBLISHED

|  |  |
|---|---|
| JANEE MORRIS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On March 2, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffers a right shoulder injury resulting from adverse effects of a tetanus/diphtheria/acellular pertussis ("Tdap") vaccination on April 7, 2016. Pet. at 1. On November 27, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 27.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 4, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 34.  Petitioner requests attorneys' fees in the amount of $24,612.40 and attorneys' costs in the amount of $945.64.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $25,558.04.

On June 7, 2018, respondent filed a response to petitioner's motion.  ECF No. 35.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

### II. Attorneys' Fees

#### A. Joseph Vuckovich

Petitioner requests compensation for Joseph A. Vuckovich at a rate of $313.00 for 2017 and $323.00 for 2018. ECF No. 34-1 at 20. The undersigned finds it necessary to reduce the requested rates due to Mr. Vuckovich's limited experience in the Vaccine Program. Considering Mr. Vuckovich's skill, experience, quality of work, reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the following rates are appropriate for Mr. Vuckovich; $290 for work performed in 2017 and $300 for work performed in 2018.[3] This results in a **reduction of fees requested in the amount of $1,368.50**.[4]

#### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy,* 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.80 hours[5] was billed by paralegals and attorneys on tasks considered administrative including, opening and setting up client files, organizing client file and sending correspondence. The undersigned shall **reduce the request for fees in the amount of $241.00**.[6]

---

[3] The undersigned addressed Mr. Vuckovich's rates for work performed from 2016 – 2018 and found the awarded rates were appropriate. *Shawgo v. Sec'y of Health & Human Servs.*, No. 17-0306 at *7 (Fed. Cl. Spec. Mstr. Oct. 10, 2018).

[4] This amount consist of ($313 - $290 x 51.10 = $1,175.30) + ($323 - $300 x 8.4 hrs = $193.20) = $1,368.50.

[5] Examples of these entries include: July 12, 2016 (0.30 hrs) "Receive and review retainer packet from client and save to file. Forward to assigned paralegal.", August 29, 2016 (0.10 hrs) "Receipt of fax confirmation for medical request sent from IOD for The Emory Clinic and Emory Specialty Associates. Update file accordingly.", March 2, 2017 (0.20 hrs) "Prepare Petition and Civil Cover Sheet to send to HHS via certified mail.", and August 7, 2017 (0.10 hrs) "Create attorney notes memorializing telephone conference with client regarding her current condition." ECF No 34-1 at 1-2, 6, and 10. These entries are merely example and are not exhaustive.

[6] This amount consist of the following: 0.10 hrs at $105 per hour; 0.30 hrs at $135 per hour; 0.60 hrs at $145 per hour; 0.50 hrs at $148 per hour and 0.10 hrs at the reduced rate of $290 per hour.

### III. Attorneys' Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $933.31. ECF No. 34 at 1. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV. Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $23,948.54[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Joseph Alexander Vuckovich. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 1605, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.